IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KENNETH WAYNE MOORE                                                                                          PLAINTIFF

v.                                          CIVIL NO. 10-2176

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                                DEFENDANT

**ORDER ON MOTION FOR ATTORNEY'S FEES**

Plaintiff, Kenneth Wayne Moore, appealed the Commissioner's denial of benefits to this court. ECF No. 1. On October 13, 2011, a judgment was entered remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 11. Plaintiff now moves for a total of $2412.90 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act ("EAJA"), requesting compensation for 12.10 attorney hours at a rate of $175.00 and 4.10 paralegal hours at a rate of $75.00. ECF No. 13, Ex. 2. Defendant filed a response objecting to requested hourly rate. ECF No. 14.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, Plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985).  Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *Id. See also Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed."  28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work."  *Id.*  Where documentation is inadequate, the court may reduce the award accordingly.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors:  time and labor required; the difficulty of questions involved; the skill required

to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Attorney's fees may not be awarded in excess of $125.00 per hour, the maximum statutory rate under § 2412(d)(2)(A), unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an

-3-

increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index ("CPI"). In this instance, counsel requests attorney's fees at an hourly rate of $175.00 for work performed in 2010 and 2011. ECF No. 13, Ex. 2. He attached a summary of the CPI for all urban consumers as evidence of an increase in the cost of living. ECF No. 13, Ex. 6.

While an increased hourly rate is authorized as long as the CPI is submitted, this court will not approve the hourly rates requested. *See* 28 U.S.C. § 2412(d)(2)(A); *Johnson,* 919 F.2d at 504. The court has previously approved rates of $173.00 for work performed in 2010 and $174.00 for work performed in 2011. As such, counsel's requested rate of $175.00 exceeds the maximum allowable fee for these years and will be reduced to $173.00 for work performed in 2010 and $174.00 for work performed in 2011.

Counsel is directed to Amended General Order No. 39, which governs attorney's fees under the EAJA. Beginning on January 2, 2012, the CPI-South index for December of the preceding year shall constitute the maximum hourly rate of EAJA fees which may be awarded for the following year. The court has adopted the following formula for calculating cost-of-living increases:

$$\frac{\text{(December CPI of preceding year)} \times \$125 \text{ (Maximum Statutory Rate)}}{152.4 \text{ (March 1996 CPI)}} = \text{Adjusted rate}$$

Applying this formula and rounding to the nearest whole number, the 2012 hourly rate is calculated as follows:

$$\frac{219.469 \text{ (Dec. 2011 CPI)} \times \$125 \text{ (Maximum Statutory Rate)}}{152.4 \text{ (March 1996 CPI)}} = \$180.00$$

This formula may be used to calculate cost-of-living increases for work performed after January

AO72A
(Rev. 8/82)

1, 2012.

**Attorney Hours**

The court next addresses the number of hours Plaintiff's counsel claims he spent working on this case. Counsel requests a total of 12.10 hours for work performed in 2010 and 2011. ECF No. 13, Ex. 1. The court finds that counsel's requested time is reasonable, and, as such, will award the full 12.10 hours. Accordingly, the court finds that counsel is entitled to .70 hours at an hourly rate of $173.00 for work performed in 2010 and 11.40 hours at an hourly rate of $174.00 for work performed in 2011.

**Paralegal Hours**

Counsel also requests compensation for 4.10 paralegal hours at an hourly rate of $75.00. ECF No. 13, Ex. 1. A prevailing party that satisfies EAJA's other requirements may recover paralegal fees at prevailing market rates. *Richlin Sec. Service Co. v. Chertoff,* 553 U.S. 571, 572 (2008). Plaintiff's counsel cited to *Richlin*, 553 U.S. at 572, as evidence that this hourly rate is appropriate for paralegal work. ECF No. 17, at 3. The court finds $75.00 per hour for paralegal work to be reasonable, and Defendant does not object to this rate. The court also finds the requested time to be reasonable and will award the full 4.10 hours. Accordingly, the court finds that counsel is entitled to 4.10 paralegal hours at an hourly rate of $75.00.

Based on the above, the court awards Plaintiff's attorney fees under the EAJA for .70 attorney hours at an hourly rate of $173.00 for work performed in 2010, 11.40 hours at an hourly rate of $174.00 for work performed in 2011, and 4.10 paralegal hours at an hourly rate of $75.00, for a total attorney's fee award of $2412.20. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award

**AO72A**
**(Rev. 8/82)**

should be made payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.[1]

The parties are reminded that the award under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 26th day of March 2012.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] On June 14, 2010, the Supreme Court overturned *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008), and held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010). Therefore, any EAJA fee awarded by this court should be payable directly to Plaintiff, but may be properly mailed to Plaintiff's attorney.

AO72A
(Rev. 8/82)